%AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 1 2006

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __ARKANSAS__

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| STUART WAYNE REITHEMEYER | |

Case Number:        4:05CR00194 JLH

USM Number:        23754-009

RANDEL K. MILLER and LESLIE BORGOGNONI
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

**X** was found guilty on count(s)     Counts 3s, 4s, 5s, 6s of Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2511(1)(a) | Interception and disclosure of wire, oral, or electronic communications prohibited, a Class D Felony | 3/17 2004 | 3s, 4s, 5s, 6s |

   The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**X** The defendant has been found not guilty on count(s)     Counts 1s, 2s of Superseding Indictment

☐ Count(s) _____N/A_____ ☐ is  ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 11, 2006
Date of Imposition of Judgment

_(signature)_
Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

April 11, 2006
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:        STUART WAYNE REITHEMEYER
CASE NUMBER:      4:05CR00194 JLH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### 36 MONTHS IMPRISONMENT WITH CREDIT FOR TIME SERVED

**X**   The court makes the following recommendations to the Bureau of Prisons:
    **The Court recommends defendant be placed in the FCI Forrest City, Arkansas, facility, so as to be near his home in Hoxie, Arkansas.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐ a _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

**X**   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    **X** before 2 p.m.    __MONDAY, JUNE 12, 2006__ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT:       STUART WAYNE REITHEMEYER
CASE NUMBER:     4:05CR00194 JLH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:        STUART WAYNE REITHEMEYER
CASE NUMBER:      4:05CR00194 JLH

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) Pursuant to the Violent Crimes Control Act, defendant will be subject to a special condition of drug testing while on supervised release under the guidance and supervision of the U.S. Probation Office.

15) The defendant will participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment.  Further, the defendant must abstain from the use of alcohol throughout the course of treatment.

16) The defendant must participate in mental health counseling with an emphasis in anger management under the guidance and supervision of the U. S. Probation Office.

17) The defendant must disclose financial information upon request of the U. S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns.  This also includes records of any business with which the defendant is associated. No new lines of credit will be established without prior approval of the U. S. Probation Office.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT:          STUART WAYNE REITHEMEYER
CASE NUMBER:      4:05CR00194 JLH

# CRIMINAL MONETARY PENALTIES

    The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 1,000.00 | $ 344.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Elizabeth Reithemeyer | $344.00 | $344.00 | |

| **TOTALS** | $ 344 | $ 344 |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

     ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:        STUART WAYNE REITHEMEYER
CASE NUMBER:      4:05CR00194 JLH

Judgment — Page   6   of   6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

**Beginning the first month of supervised release, restitution payments will be 10 percent per month of the defendant's gross income.**
**The fine must be paid in full within one (1) year of defendant's release from incarceration.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 1 2006

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                      No. 4:05CR00194 JLH

STUART WAYNE REITHEMEYER                                       DEFENDANT

### OPINION

On April 11, 2006, the Court sentenced the defendant Stuart Wayne Reithemeyer to 36 months of imprisonment, three years of supervised release, and a fine of $1,000.00. The term of imprisonment was 24 months more than the high end of the guidelines range. The Court writes this separate opinion to explain the decision to depart from the sentencing guidelines.

### I.

Stuart Reithemeyer was indicted on one count of the use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958, one count of soliciting a crime of violence in violation of 18 U.S.C. § 373, and four counts of wire interception in violation of 18 U.S.C. § 2511(1)(a). All of the counts involved Stuart Reithemeyer's conduct towards his wife, Elizabeth Reithemeyer, during a period of more than a year while their marriage was headed toward divorce.

At trial, Stuart Reithemeyer admitted that he recorded Elizabeth's conversations. He recorded her conversations on the telephone with her family and friends and in her vehicle with their children. He claimed he had done so with her consent, which she adamantly and convincingly denied. Stuart Reithemeyer also testified that he conspired to have Michael Lewis, a bounty hunter from Kensett, Missouri, whom Stuart knew only as "Boston," plant an eightball of cocaine or methamphetamine in Elizabeth's vehicle so that he could get her arrested and gain custody of his

children. Stuart Reithemeyer testified to the following on cross examination:

> Q.  And according to you, you conspired with Boston to illegally acquire drugs. Right?
>
> A.  Yes, sir.
>
> . . . .
>
> Q.  You agree with him for the two of you to get drugs. Right?
>
> A.  Well, I agreed for him to, yes.
>
> Q.  And then he is going to put them in her car.
>
> A.  From my understanding.
>
> . . . .
>
> Q.  And you're doing this for the purpose of falsely accusing Elizabeth of a crime.
>
> A.  I'm doing this for the purpose of helping get custody of my boys.
>
> Q.  To get custody of your boys, that's what was motivating you, wasn't it?
>
> A.  Yes.
>
> Q.  So you were going to falsely accuse their mother of criminal conduct to get custody of the boys?
>
> A.  Custody or joint custody, sir.
>
> Q.  Are you telling these ladies and gentlemen you consider that an act of love of your children?
>
> A.  Yes, sir, I love my children.
>
> Q.  You consider framing their mother with a crime an act of love towards those children?
>
> A.  It's an act of my love for those children.
>
> Q.  Then according to you, this shady character, after asking you to participate in this criminal activity and you agreed to do so, you agree to give him a car in exchange.
>
> A.  Well, at first, sir, I was just making a joking reference.
>
> Q.  You agree to give him a car in exchange.
>
> A.  At the end, yes, sir.
>
> . . . .
>
> Q.  You were willing to engage in a crime to get custody of your children.
>
> A.  Yes.
>
> Q.  You were willing for their mother to go to jail, according to your story, to get custody of your children.
>
> A.  For a short term, yes.
>
> . . . .
>
> Q.  So when you told Mr. Lewis he could have your '97 pickup, you meant it?
>
> A.  If he could have got Elizabeth busted, yes, sir.
>
> Q.  That's your version, that you meant to give him your truck, didn't you?
>
> A.  Sir, I believe at the time, yes, I was just trying to get her busted.
>
> Q.  My question to you, Mr. Reithemeyer, is, you meant to give Mr. Lewis your truck, your Avalanche?

2

A.     If that got me custody or joint custody, more time with my boys, and got her busted, then yes, sir.

. . . .

Q.     You want it to go, don't you?

A.     I want her to get set up with dope, yes, sir.

Q.     You wanted it to go. It's your intent that it happen?

A.     That she get set up, yes, sir.

Q.     It's your intent that it happen?

A.     Yes, sir.

. . . .

Q.     You're adamant about it, it's your intent that it happen?

A.     Okay.

Q.     Yes?

A.     Yes.

. . . .

Q.     Under oath today you're admitting to committing a crime.  Do you understand that?

A.     Yes.

. . . .

Q.     You lay $650 in cash down in front of [Lewis].  Right?

A.     Correct.

The jury acquitted Stuart Reithemeyer of murder for hire and solicitation of a crime of violence but convicted him on all four counts of wire interception.

## II.

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), rendered the sentencing guidelines promulgated by the United States Sentencing Commission advisory. The new sentencing scheme initiated by *Booker* "permits broader considerations of sentencing implications." *United States v. Spigner*, 416 F.3d 708, 712 n.1 (8th Cir. 2005). Under *Booker*, the district court first must determine the U.S.S.G. sentencing range. *United States v. Rivera*, 439 F.3d 446, 448 (8th Cir. 2006). Second, the district court should determine whether any U.S.S.G. departures are appropriate. *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). These two steps will result in a "guidelines sentence." *Id.* Stuart Reithemeyer's offense level is 9 and his

3

U.S.S.G. sentencing range is six to twelve months imprisonment. He argues that he should be entitled to a two-level reduction for acceptance of responsibility because he offered to plead guilty to the wire interception counts before trial. While he did offer to plead guilty to the wire tapping charges as a part of plea negotiations, at trial Stuart Reithemeyer persisted in denying responsibility. He testified that the wire intercept was for the purpose of recording farm employees on the telephone in the farm shop to see whether they would admit participating in a burglary at the shop. However, the recording device eventually was placed in plain view in the shop where it continued to record Elizabeth's conversations[1] but could not possibly be expected to record a farm employee admit participation in the burglary. Furthermore, the recording continued after all of the employees at the time of the burglary were no longer employed; and some of the recording occurred in Elizabeth Reithemeyer's vehicle, not on a telephone that could be used by farm employees. Stuart Reithemeyer's testimony does not evince an acceptance of responsibility. He has not merited any downward departure for acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1. cmt. nn.1-3, 5 (2005). No other U.S.S.G. departure is implicated by this case.

After determining the U.S.S.G. sentence, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether to exercise its discretion and impose a non-U.S.S.G. sentence. *United States v. Thomas*, 422 F.3d 665, 669 (8th Cir. 2005). The district court's discretion is bounded both by the statutory maximum for the offense and the reasonableness of the sentence with regard to § 3553(a). *Booker*, 543 U.S. at 233, 261, 125 S. Ct. at 750, 765-66. Any sentence within the U.S.S.G. sentencing range is presumed to be reasonable. *United States v. Lazenby*, 439 F.3d 928, 932 (8th Cir. 2006). The Eighth Circuit has stated that only "extraordinary circumstances"

---

[1] The home and the shop had a common telephone line, so a recording device on the shop telephone could record conversations on the home telephone and vice-versa.

4

justify upward departure from the guidelines range. *United States v. Larrabee*, 436 F.3d 890, 892 (8th Cir. 2006).

The statutory maximum for wire interception is five years. 18 U.S.C. § 2511(4)(a). The undersigned has rarely departed from the U.S.S.G. sentencing range. After reviewing Stuart Reithemeyer's conduct in light of the statutory sentencing factors in § 3553(a), however, the Court has come to the firm conviction that "extraordinary circumstances" exist in this case. A sentence of 36 months is necessary to protect the public, to promote respect for the law, and to afford adequate deterrence. *Cf. United States v. Porter*, 439 F.3d 845 (8th Cir. 2006) (upholding sentence 39 months above the high end of guideline range); *United States v. John H. Sitting Bear*, 436 F.3d 929 (8th Cir. 2006) (40 months); *United States v. Larrabee*, 436 F.3d 890 (8th Cir. 2006) (90 months); *United States v. Johnson*, 427 F.3d 423 (7th Cir. 2005) (168 months).

**A.     A Greater Sentence is Needed to Protect the Public.**

Section 3553(a)(2)(C) requires the sentencing court to consider the need for the sentence imposed to protect the public from further crimes of the defendant. On rare occasions, a U.S.S.G. sentence will not adequately take into account the need to protect the victim of a defendant's crime. *See Porter*, 439 F.3d at 850 (holding that sentence 39 months above the guidelines range was reasonable where the guidelines range did not adequately protect the victim, the defendant's estranged wife). Here, Stuart Reithemeyer has demonstrated a cold-blooded determination to do whatever it takes to harm Elizabeth and wrest custody of their children from her. *Cf. id.* at 848 ("[T]here seems to be no point at which Mr. Porter is willing to stop in his desire to inflict injury and pain on Mrs. Porter."). No evidence shows that Stuart Reithemeyer's conscience imposed any restraint on his conduct, nor that he was limited by any rational consideration of the well-being of

5

his children. He was in a battle with Elizabeth, and he intended to win by whatever means necessary, foul or fair. What brings us here are the foul means he employed – unlawfully taping Elizabeth's conversations and hiring someone to get her "busted."

Stuart Reithemeyer hired Michael Lewis, known to him as Boston, to spy on Elizabeth. Stuart Reithemeyer described Lewis as "awfully shady." At their first meeting, Stuart Reithemeyer gave this "awfully shady" person intimate details about Elizabeth's life and numerous pictures of her, her friends, and her relatives, as well as his children. Stuart Reithemeyer did not know that Lewis had a murder conviction and a conviction for a sexual offense, but neither did he have any reason to believe that this "awfully shady" person was a good citizen, a man who could be trusted with pictures of his children and intimate details about Elizabeth. Stuart Reithemeyer fully intended for Lewis to plant drugs in Elizabeth Reithemeyer's vehicle so that she would be falsely arrested and sent to prison.

Elizabeth Reithemeyer has testified that she is scared of what Stuart Reithemeyer is going to do to her. Her fear is perfectly understandable. Both of the Reithemeyers are life-long residents of a small farming community in northeast Arkansas. Elizabeth Reithemeyer has custody of their two small children. She lives near her extended family and cannot easily relocate. When Stuart Reithemeyer is released from prison, he will live only minutes away from her home. The Court therefore finds that a U.S.S.G. sentence will not adequately protect her from again becoming a victim at the hands of Stuart Reithemeyer. Moreover, Stuart Reithemeyer's determination to prevail without regard to the dictates of conscience or the obligations of law make him a danger to others who may get in his way.

6

**B.    A Greater Sentence is Needed to Promote Respect for the Law.**

Section 3553(a)(2)(A) requires the sentencing court to consider the need for the sentence imposed to promote respect for the law. The evidence shows a flagrant disrespect for the law that goes far beyond the wire interception counts. The evidence shows that the incidents of wire interception were not isolated incidents but formed a part of a larger course of conduct in which Stuart Reithemeyer attempted to subvert the divorce proceedings and to use illegal means to get what he wanted by deceiving law enforcement agencies and the courts. Stuart Reithemeyer plotted to use law enforcement and the courts as instruments to harm Elizabeth Reithemeyer, illegally and unfairly, to gain an advantage in his custody battle.

The plot to get Elizabeth Reithemeyer "busted" for drugs involved the commission of at least three separate criminal offenses: possession with intent to distribute illegal drugs in violation of 21 U.S.C. § 841(a)(1) with an advisory guidelines range of up to twelve months imprisonment;[2] breaking and entering a vehicle in violation of Ark. Code Ann. § 5-39-202,[3] a class D felony with a maximum term of imprisonment of six years;[4] and filing a false report in violation of Ark. Code Ann. § 5-54-122, a Class D felony with a maximum term of imprisonment of six years. The whole plot demonstrates a fundamental disregard for the law. The plot would have involved an abuse of the criminal justice system in order to subvert the legitimate operation of the civil system of divorce

---

[2] That figure is based on Stuart Reithemeyer's own calculation in his response to the government's sentencing memorandum.

[3] Stuart Reithemeyer's argument that it would not have been breaking and entering because his corporation still maintained title to the vehicle is incorrect. At the time Stuart Reithemeyer was planning to break into the vehicle, Elizabeth Reithemeyer was lawfully in possession of the vehicle by order of an Arkansas court. Stuart Reithemeyer even admitted at trial that he had no legal claim to her vehicle at that time.

[4] Ark. Code Ann. § 5-4-401(a)(5).

7

proceedings. Because all of these considerations have not been factored into the U.S.S.G. range, the Court concludes that the U.S.S.G. range would not adequately promote respect for the law in this case. *Cf. Johnson*, 427 F.3d at 428 (allowing district court to factor in conduct that could have been prosecuted under Indiana law to which defendant admitted when fashioning a non-U.S.S.G. sentence).

## C.    A Greater Sentence is Needed to Afford Adequate Deterrence.

Section 3553(a)(2)(B) requires the sentencing court to consider the need to afford adequate deterrence to criminal conduct. A sentence of six to twelve months imprisonment would be inadequate to deter conduct of the sort presented here. For persons who are not limited by conscience or respect for the law, serious sanctions are needed. Imprisonment for six to twelve months is not enough.

## CONCLUSION

The Court realizes that the sentence it imposes today substantially exceeds the maximum U.S.S.G. range. The facts upon which this departure is based were admitted by Stuart Reithemeyer in his testimony at trial. Those admitted facts demand a sentence more severe than the sentence that would be imposed under the U.S.S.G. A sentence of 36 months is the shortest sentence that is "sufficient but not greater than necessary" to achieve the sentencing goals of § 3553(a) in this case.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

8